[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on December 30, 1972, in Queens, New York. The plaintiff has resided continuously in this state for approximately nine years. There are three children, issue of the marriage — Peter, born May 2, 1977; Stefan and Philippe, both born on December 19, 1980. The evidence clearly established that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 47, has no major health problems. She holds a college degree but has not worked in several years. She has fulfilled the role of mother and homemaker during the marriage.
The defendant, age 48, enjoys good health. Although the defendant's formal education is limited, he obtained some success by using his talents to develop a product that was useful in the computer industry. As a result, he started a business producing his product and sold this business for a sizeable sum in 1989.
Each party blames the other for the breakdown of the marriage. The evidence indicates each must assume some responsibility for the failure of this relationship.
The court has carefully considered the criteria set out in Connecticut General Statutes, Sections 46b-56, 46b-62, 46b-81, 46b-82 and 46b-84 in CT Page 10773 reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) The plaintiff shall have sole legal and physical custody of the three minor children. The defendant shall be consulted before any decision is made on matters regarding the children's education, non-emergency health issues and religious upbringing.
The defendant shall have rights of reasonable visitation. If the parties are unable to agree on a schedule, they shall seek the assistance of the Family Services Unit.
(2) The court finds the fair market value of the marital residence in Darien, Connecticut to be $291,000. Pursuant to Section 46b-81 of the Connecticut General Statutes, all of the defendant's right, title and interest in the marital residence located at 6 Nutmeg Lane, Darien, Connecticut is ordered transferred to the plaintiff by judicial decree. The plaintiff shall hold the defendant harmless in connection with the mortgage thereon.
(3) The parties jointly own real property located at 24 Rue St. Martin, Paris, France. On February 1, 1995, at the option of the defendant, the defendant shall pay to the plaintiff the sum of $150,000 for the plaintiff's entire interest in the property or the property shall be sold and the plaintiff shall receive the first $150,000 of the proceeds after payment of closing costs, and the defendant shall receive the balance.
The defendant shall have exclusive possession of the residence in France and be solely responsible for the expenses of maintaining the property.
The court reserves jurisdiction over the disposition of this asset until the plaintiff receives payment for her interest in this property.
(4) The defendant's financial affidavit dated October 14, 1994, lists various bank and IRA accounts that currently total $85,694.00. While this action has been pending, these accounts have been reduced by the defendant for his personal use including the payment of counsel fees in the approximate amount of $40,000. The plaintiff is awarded $75,000 of the remaining funds with the defendant to retain the balance. The defendant shall transfer to the plaintiff her share of these accounts immediately.
(5) The plaintiff is awarded her IRA account in People's Bank. The plaintiff shall retain ownership and title to the Jaguar and Toyota CT Page 10774 automobiles.
(6) The defendant shall retain ownership and title to his Porsche automobile, his outboard motor boat and his business equipment.
(7) Except as provided herein, each party shall be responsible for the liabilities, including attorney's fees, shown on her and his respective financial affidavit, and each party shall indemnify and hold the other party harmless from those liabilities.
(8) The plaintiff is awarded the two fur coats and 3 karat antique ring which are in the possession of the defendant. The defendant shall immediately turn these items over to the plaintiff. If there is any dispute concerning the division of personal property located in the Darien property and/or the Paris apartment, that issue is referred to the Family Services Unit for mediation. If mediation fails, the court retains jurisdiction to distribute such property.
(9) Since the sale of his business the defendant has not sought employment. The defendant has elected for the five years since the sale to attempt to develop new projects but to date has been unsuccessful.
Based on the defendant's income for the six year period prior to the sale of his business, 1983 — 1988, the court finds that the defendant has an earning capacity of $83,000 per year. The following orders for periodic alimony, child support and medical insurance are based on that earning capacity. The defendant has testified that he has a job offer in France paying $28,000 per year and that he intends to accept that offer. If he in fact takes that job and can demonstrate what his net income will be, including other income such as consultation fees and can prove unsuccessful efforts to find employment paying higher compensation, he may seek a modification of the orders that are entered herein.
The defendant appears to be a resourceful individual, and the court is optimistic about the defendant's being able to earn up to his prior levels in the future. The needs of the plaintiff and the children of the parties require his continued financial assistance.
A. The defendant shall pay to the plaintiff as periodic alimony the sum of $2,000 per month. Said payments shall commence on November 1, 1994 and on the first day of each month thereafter, in advance, and continue until the death of either party or the plaintiff's remarriage, whichever event first occurs. A contingent wage withholding order may enter. CT Page 10775
B. The defendant shall pay to the plaintiff as child support the sum of $500 per month, per child. Said payments shall commence on November 1, 1994 and on the first day of each month thereafter, in advance, and continue until whichever of the following events shall first occur: the death of either party, the death of the child, the child's attainment of the age of 18 years if he has graduated from high school or if still attending high school at age 18, until he attains the age of 19 or sooner graduates from high school.
It is difficult for the court to compute what child support obligations the defendant has under the guidelines. This is so because the defendant intends to live and work in France so a computation of his net income cannot be accurately calculated for guideline purposes. However, the court has considered the statutory criteria in reaching its orders and has taken into consideration the alimony and property assignments in making decisions as to child support, so that a deviation from even the presumed maximum order would be equitable.
A contingent wage withholding order may enter.
C. The defendant shall provide medical and hospitalization insurance for the benefit for each of the minor children until each reaches his majority. The parties shall equally divide all unreimbursed medical, hospital and dental expenses incurred on behalf of the minor children. Section 46b-84c of the Connecticut General Statutes shall apply.
(10) The parties dispute the effect of the pendente lite alimony and child support orders previously entered. Therefore, the court reserves jurisdiction over the issue of any arrearages due on the pendente lite orders.
The court refers this matter to Judge John Ryan who entered the pendente lite orders. The parties are ordered to arrange a hearing before Judge Ryan for a determination of what the orders were and if there is any arrearages due as a result of those orders.
Judge Ryan is requested to set an arrearage amount due, if any, and when it should be paid. Any arrearages due shall be credited by the $5,000 mortgage payment made by order of this court on September 21, 1994.
Judgment may enter accordingly.
NOVACK, J. CT Page 10776